THOMAS A. HUSTON, appellant, *vs.* LUCINDA F. WORTHLY.

Somerset. Opinion April 8, 1891.

*Insolvency. Proof of Debt. Appeal. Composition. R. S., c. 70, § § 25, 62.*

One creditor has no right of appeal from the allowance of the claim of another creditor against the estate of a debtor who makes a settlement by composition proceedings in insolvency.

ON EXCEPTIONS.

The debtor's wife having proved a debt against him, in his composition proceedings in insolvency, the appellant, Huston, a creditor, thereupon applied for a re-examination of the claim by the Court of Insolvency which resulted in a dismissal of the objection to its allowance. The creditor then appealed to this court, where upon hearing, the presiding justice ruled, in substance, that no appeal lies in relation to the allowance of claims in composition proceedings.

The appellant excepted to the ruling.

*James Wright,* for objecting creditor.

The claim offered for proof is not a debt due and payable. *Woodward* v. *Spurr,* 141 Mass. 283; *Abbott* v. *Abbott,* 67 Maine, 304.

An appeal, in cases of this kind, is provided for by § § 12 and 25, c. 70, R. S. The legislative intent is indicated by the

provision limiting the time, for hearing exceptions, to ten days, &c. If otherwise, creditors are without means of redress in fraudulent compositions.

*Walton and Walton*, for appellee.

PETERS, C. J.   We think that one creditor has not a right of appeal from the allowance of the claim of another creditor against the estate of a debtor who makes a settlement by composition proceedings in insolvency. If such an appeal were allowable, the settlement of an estate that is intended to be expeditious and not hampered by many of the forms usual in other classes of cases, might become, by the wilfulness of parties, a protracted and expensive litigation. The creditor is deprived of no right in disallowing his claim to prosecute an appeal. It is not possible to see how an appeal could be useful to him. His own claim would be neither increased nor decreased thereby. The conception is impracticable.

This conclusion is within the rule of several cases touching similar questions. *Ex parte, Haynes*, 76 Maine, 394; *Ex parte, Morgan*, 78 Maine, 36; *Messer* v. *Storer*, 79 Maine, 512.

The creditor has remedy enough by an action on his own debt, if any fraud be committed by the insolvent, by virtue of section sixty-two of chapter seventy of the Revised Statutes.

*Exceptions overruled.*

VIRGIN, LIBBEY, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.